UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAIR STUDIO 1208, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD UNDERWRITERS INSURANCE CO.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT -- CLASS ACTION**<br><br>JURY TRIAL DEMAND |

## I.   INTRODUCTION

1.      Plaintiff HAIR STUDIO 1208, LLC ("Plaintiff"), individually and on behalf of all other similarly situated members of the defined classes (the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant HARTFORD UNDERWRITERS INSURANCE CO. ("Hartford" or "Defendant") and alleges as follows based on personal knowledge and information and belief:

## II.   JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant, there are 100 or more Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing

1

occurred in this District and the state of Pennsylvania, and Defendant has sufficient contacts with this District and the state of Pennsylvania.

4.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff is located in Quakertown, Bucks County. This action is therefore appropriately filed in the Eastern District of Pennsylvania because a substantial portion of the events giving rise to this lawsuit arose in Bucks County, Pennsylvania.

### III.   PARTIES

5.      Plaintiff, HAIR STUDIO 1208, LLC, is a hair salon and personal care business located at 1208 Juniper St, Quakertown, PA 18951.

6.      Defendant HARTFORD UNDERWRITERS INSURANCE CO. is an insurance carrier incorporated in Delaware, with its principal place of business in Hartford, Connecticut.

### IV.   FACTUAL ALLEGATIONS

7.      Due to COVID-19, Governor Tom Wolf's "Stay at Home" Order, and Order of the Secretary of Health of the Pennsylvania, Plaintiff has been required to close its business and cannot provide hair styling or other personal care services. This lawsuit is filed to ensure that Plaintiff and other similarly situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

8.      Defendant issued one or more insurance policies to Plaintiff, including a Business Owner's Policy and related endorsements, insuring Plaintiff's property and business practice and other coverages, with effective dates of January 1, 2020 to January 2, 2021.

9.      Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of hair styling and other personal care business-related activities.

10. Defendant's insurance policy issued to Plaintiff promises to pay Plaintiff for "direct physical loss of or direct physical damage to" covered property.

11. Defendant's insurance policy issued to Plaintiff includes Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage.

12. Plaintiff paid all premiums for the coverage when due.

13. On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

14. On March 6, 2020, Pennsylvania Governor John Wolf proclaimed the existence of a disaster emergency throughout the Commonwealth pursuant to 35 Pa. C.S. § 7301(c)

15. On March 19, 2020, Governor Wolf ordered the closure of all non-life-sustaining businesses.

16. Governor Wolf's March 19, 2020 order provides, in part:

> No person or entity shall operate a place of business in the Commonwealth that is not a life sustaining business regardless of whether the business is open to members of the public. This prohibition does not apply to virtual or telework operations (e.g., work from home), so long as social distancing and other mitigation measures are followed in such operations.

17. Dr. Rachel Levine, Secretary of Pennsylvania's Department of Public Health, issued an order to similar effect, requiring all non-life-sustaining businesses in Pennsylvania to close their physical locations.

18. On March 23, 2020, Governor Wolf issued a "Stay at Home" order affecting many persons and businesses in Allegheny County, Bucks County, Chester County, Delaware County, Monroe County, Montgomery County, and Philadelphia County, whether infected with COVID-19 or not, requiring certain public health precautions. Among other things, Governor Wolf's order required all individuals in the aforementioned counties to stay at home, except "as

3

needed to access, support, or provide life sustaining business, emergency, or government services."

19. Governor Wolf's March 23, 2020 order provides, in part:

All individuals residing in Allegheny County, Bucks County, Chester County, Delaware County, Monroe County, Montgomery County, and Philadelphia County are ordered to stay at home except as needed to access, support, or provide life sustaining business, emergency, or government services. For employees of life sustaining businesses that remain open, the following child care services may remain open: group and family child care providers in a residence; child care facilities operating under a waiver granted by the Department of Human Services Office of Child Development and Early Learning; and, part-day school age programs operating under an exemption from the March 19, 2020 business closure Orders. No COVID-19 virus has been detected on Plaintiff's business premises.

20. Dr. Rachel Levine, Secretary of Pennsylvania's Department of Public Health, issued an order to similar effect, requiring individuals to stay at home.

21. On April 20, 2020, Governor Wolf and the Secretary of Pennsylvania's Department of Public Health extended the proclamations and order through May 8, 2020.

22. Plaintiff's property has sustained direct physical loss and/or damage related to COVID-19 and/or the proclamations and orders.

23. Plaintiff's property will continue to sustain direct physical loss or damage covered by the Hartford policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

24. Plaintiff's property cannot be used for its intended purposes.

25. As a result of the above, Plaintiff has experienced and will experience loss covered by the Hartford policy or policies.

26. Plaintiff submitted a claim for coverage to Defendant.

27. In a letter dated April 3, 2020, Defendant denied coverage for Plaintiff's losses.

28. In correspondence dated April 13, 2020, Plaintiff sought clarification of Defendant's position and to provide additional information in support of its claim.

29. In an email dated April 22, 2020, Defendant continued to deny Plaintiff's claim, referring to its April 3, 2020 denial of coverage letter.

30. Upon information and belief, Hartford has denied or will deny all similar claims for coverage.

## V.  CLASS ACTION ALLEGATIONS

31. This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

32. The Classes that Plaintiff seeks to represent are defined as:

A. ***Business Income Breach of Contract Class:*** All persons and entities in the United States insured under a Hartford policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities and whose Business Income claim has been denied by Hartford.

B. ***Business Income Coverage Breach of Contract Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities, and whose Business Income claim has been denied by Hartford.

C. ***Business Income Declaratory Relief Class:*** All persons and entities in the United States insured under a Hartford policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities.

D.  ***Business Income Coverage Declaratory Relief Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities.

E.  ***Extended Business Income Breach of Contract Class:*** All persons and entities in the United States insured under a Hartford policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Hartford.

F.  ***Extended Business Income Breach of Contract Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities and whose Extended Business Income claim has been denied by Hartford.

G.  ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States insured under a Hartford policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities.

H. ***Extended Business Income Declaratory Relief Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities.

I. ***Extra Expense Breach of Contract Class*****:** All persons and entities in the United States insured under a Hartford policy with Extra Expense Coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Hartford.

J. ***Extra Expense Breach of Contract Pennsylvania Subclass*****:** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Extra Expense coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities and whose Extra Expense claim has been denied by Hartford.

K. ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under a Hartford policy with Extra Expense Coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities.

L.     ***Extra Expense Declaratory Relief Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Extra Expense coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities.

M.     ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under a Hartford policy with Civil Authority Coverage who suffered a suspension of their practice and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Hartford.

N.     ***Civil Authority Breach of Contract Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Civil Authority coverage who suffered a suspension of their practice and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities and whose Civil Authority claim has been denied by Hartford.

O.     ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States insured under a Hartford policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities.

P.     ***Civil Authority Declaratory Relief Pennsylvania Subclass:*** All persons and entities in the State of Pennsylvania insured under a Hartford policy with Civil Authority coverage who suffered a suspension of their practice at the covered premises

related to COVID-19 and/or orders issued by Governor Wolf, and/or other civil authorities.

33. Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definitions based on information obtained in discovery.

34. This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

35. **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Class contains thousands of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

36. **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

> A. Whether the class members suffered covered losses based on common policies issued to members of the Class;
>
> B. Whether Hartford acted in a manner common to the class and wrongfully denied claims for coverage relating to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities;
>
> C. Whether Business Income Coverage in Hartford's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities;

D. Whether Extended Business Income Coverage in Hartford's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities;

E. Whether Extra Expense Coverage in Hartford's policies of insurance applies to efforts to minimize a loss at the covered premises relating to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities;

F. Whether Civil Authority Coverage in Hartford's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or civil authorities;

G. Whether Hartford has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other civil authorities;

H. Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

I. Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

37. **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

38. **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class

actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

39. **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

40. **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

41. **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

VI. CAUSES OF ACTION

<u>**Count One—Declaratory Judgment**</u>

***(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Pennsylvania Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Pennsylvania Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Pennsylvania Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Pennsylvania Subclass)***

42. Previous paragraphs alleged are incorporated herein.

43. This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

44. Plaintiff brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Pennsylvania Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Pennsylvania Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Pennsylvania Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Pennsylvania Subclass.

45. Plaintiff seeks a declaratory judgment declaring that Plaintiff and class members' losses and expenses resulting from the interruption of their business are covered by the Policy.

46. Plaintiff seeks a declaratory judgment declaring that Hartford is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

***(Brought on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Pennsylvania Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Pennsylvania Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Pennsylvania Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Pennsylvania Subclass)***

47. Previous paragraphs alleged are incorporated herein.

48. Plaintiff brings this cause of action on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Pennsylvania Subclass,

Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Pennsylvania Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Pennsylvania Subclass, Civil Authority Breach of Contract Class and Civil Authority Breach of Contract Pennsylvania Subclass.

49. The Policy is a contract under which Plaintiff and the class paid premiums to Hartford in exchange for Hartford's promise to pay plaintiff and the class for all claims covered by the Policy.

50. Plaintiff has paid its insurance premiums.

51. Plaintiff submitted a claim to Hartford for the direct physical loss or damage to Plaintiff's property covered under the Hartford policy related to COVID-19 and/or the proclamations and orders; Hartford denied Plaintiff's claim for coverage. On information and belief, Hartford has denied, and will continue to deny coverage for other similarly situated policyholders.

52. Denying coverage for the claim is a breach of the insurance contract.

53. Plaintiff is harmed by the breach of the insurance contract by Hartford.

## VII.   PRAYER FOR RELIEF

54. A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business related to COVID-19 and/or orders issued by Governor Wolf, other Governors, and/or other authorities.

55. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

56. Damages.

57. Pre- and post-judgment interest at the highest allowable rate.

58. Reasonable attorney fees and costs.

59.    Such further and other relief as the Court shall deem appropriate.

## VIII.  JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims so triable.

DATED this 5th day of May, 2020.

>By: *s/ Joseph G. Sauder*
>Joseph G. Sauder (PA#82467)
>Joseph B. Kenney (PA#316557)
>**SAUDER SCHELKOPF LLC**
>1109 Lancaster Avenue
>Berwyn, PA 19312
>Telephone: (610) 200-0580
>Fax: (610) 421-1326
>Email: jgs@sstriallawyers.com
>Email: jbk@sstriallawyers.com
>
>Lynn L. Sarko*
>Irene M. Hecht*
>Amy Williams-Derry*
>Gretchen Freeman Cappio*
>Ian S. Birk*
>Maureen Falecki*
>**KELLER ROHRBACK L.L.P.**
>1201 Third Avenue, Suite 3200
>Seattle, WA 98101
>Telephone: (206) 623-1900
>Fax: (206) 623-3384
>Email: lsarko@kellerrohrback.com
>Email: ihecht@kellerrohrback.com
>Email: awilliams-derry@kellerrohrback.com
>Email: gcappio@kellerrohrback.com
>Email: ibirk@kellerrohrback.com
>Email: mfalecki@kellerrohrback.com
>
>Alison Chase*
>801 Garden Street, Suite 301
>Santa Barbara, CA 93101
>Telephone: (805) 456-1496
>Fax: (805) 456-1497
>Email: achase@kellerrohrback.com
>
>*Admission pro hac vice anticipated*

15

*Attorneys for Plaintiff and the Proposed Classes*